**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AFFORDABLE WHEEL REPAIR, | Case No. 5:25-cv-02317-SP |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| GENERAL MOTORS, LLC, | |
| Defendant. | |

**I.**

**INTRODUCTION**

On October 3, 2025, plaintiff Affordable Wheel Repair filed a motion to remand this case to San Bernardino County Superior Court. Plaintiff's motion is supported by the declaration of Michelle Yang ("Yang Decl."). Defendant General Motors, LLC filed an opposition to the motion on October 14, 2025. The opposition is supported by the declaration of Sarah Garbuzov ("Garbuzov Decl.") and exhibits.

This matter came before the court for a hearing on November 4, 2025. After carefully considering the information provided, arguments advanced, and the record

before it, the court now denies plaintiff's motion to remand for the reasons discussed below.

## II.

## BACKGROUND

Plaintiff filed the instant action in San Bernardino County Superior Court on July 28, 2025. *See* docket no. 1, Ex. A ("Compl."). Plaintiff alleges it purchased a vehicle warranted by defendant that was delivered with defects. Plaintiff asserts six causes of action: four under California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1792 et seq.), a violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301-2312), and a violation of the California Uniform Commercial Code ("Cal. UCC").

On September 4, 2025, defendant removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1446.

## III.

## DISCUSSION

Any civil action over which the United States district courts have original jurisdiction may be removed to the district court for the district where such action is pending. 28 U.S.C. § 1441(a). A defendant may remove a case from state court to federal court where the case presents either a federal question or diversity jurisdiction. 28 U.S.C. §§ 1331-32. Under 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over state law actions in which the amount in controversy ("AIC") exceeds $75,000 and there is complete diversity of citizenship between the parties. A defendant seeking to remove a case to federal court must file a notice of removal containing a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**A.    Diversity Jurisdiction**

Under 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over state law actions in which the AIC exceeds $75,000 and there is complete diversity of

citizenship between the parties. "[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). But although both sides "may submit evidence supporting the amount in controversy," it is the defendant that has "the burden of supporting its 'jurisdictional allegations with competent proof.'" *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699, 701 (9th Cir. 2020) (citation omitted). The plaintiff "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Id.* at 700 (citations omitted); *accord Waltz v. Wal-Mart Assocs., Inc.*, 2022 WL 489697, at *2 (C.D. Cal. Feb. 17, 2022) (the plaintiff "bears no burden, here, to introduce any evidence").

When determining the amount in controversy, the court must assume a jury will return a verdict for plaintiff on each claim included in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Writer*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d. 1199, 1205 (E.D. Cal. 2008). To determine whether the removing party has met its burden, a court may consider the content of the notice of removal as well as any "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations." *Id.* (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice." *Id.*; *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2022) ("The district court did not err in construing Petsmart's opposition as an amendment to its notice of removal." (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969))). Further, "a court must include future attorneys' fees

recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018).

Here, the parties do not dispute there is diversity of citizenship between the parties. Instead, the only question is whether the amount in controversy exceeds $75,000.  The amount in controversy is not clear on the face of the Complaint here, but it "includes all relief claimed at the time of removal to which the plaintiff would be entitled if [it] prevails."  *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Plaintiff seeks actual damages, restitution, civil penalties pursuant to California Civil Code § 1794(c), consequential and incidental damages, remedies authorized by the Cal. UCC, prejudgment interest, and attorney's fees and costs.  Compl. at 8.

Under the Song-Beverly Act, actual damages are "in an amount equal to the actual price paid or payable by the buyer" offset by the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(B)-(C).  Effective January 1, 2025, actual damages may be further offset by negative equity, manufacturer's rebates, the actual price of optional equipment, service contracts, or guaranteed asset protection ("GAP") financing purchased by the plaintiff.  Cal. Civ. Proc. § 871.27(b)-(d); *see Ayad v. Nissan N. Am., Inc.*, 2025 WL 2490849, at *3 (C.D. Cal. Aug. 29, 2025).

Plaintiff purchased the subject vehicle on February 19, 2023.  Compl. ¶ 9.  The sales contract indicates plaintiff purchased the subject vehicle with 14,852 miles on the odometer for a cash price of $116,504.00, or a total sale price of $151,549.68 when financing charges are included.  Opp. at 6; Garbuzov Decl., Ex. A; *see Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 892 (S.D. Cal. 2021) (purchase price paid includes financing charges, taxes, and fees); *but see Garrett v. Mercedez-Benz USA, LLC*, 2023 WL 2813564, at *3 (C.D. Cal. Apr. 6, 2023) (finding the total cash price is a more appropriate measure of actual damages).  Plaintiffs first presented the subject vehicle for

repair on March 14, 2023, with an odometer reading of 15,844 miles.  *See* Garbuzov Decl., Ex. B.  Defendant applies offsets of $785.25 for usage and $9,698 for third-party contracts.  This brings the recoverable purchase price to $141,066.43.

In the opposition, defendant further deducted the estimated unpaid loan payments from the purchase price to determine plaintiff's actual damages.  It is unclear whether this offset is necessary.[1]  Certainly it would be unnecessary if one were to just use the cash price of $116,504, minus the above offsets, to leave $106,020.75 as the measure of actual damages.  *See Galaviz*, 2025 WL 3022665, at *3.

Starting from a total sale price of $151,549.68 including finance charges, and assuming defendant is required to offset the actual damages by unpaid financing, defendant presents a reasonable (if not overly generous) assumption that would offset $59,327.82 in estimated unpaid financing, and leave total estimated actual damages (after the above offsets) of $81,738.61.  Opp. at 7.  Since the total finance charges under the contract were only $34,720.43, the court questions defendant's reasoning.  *See* Garbuzov

---

[1]    Although § 821.27(f) of the California Code of Civil Procedure states defendants "shall not be responsible for payment of unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off," it is not classified as an offset.  Cal. Civ. Proc. § 871.27(f); *see* Cal. Civ. Proc. §§ 872.27(b)-(d); *compare Galaviz v. Gen. Motors, LLC*, 2025 WL 3022665, at *3 (C.D. Cal. Oct. 28, 2025) (using the total cash price, which already excludes unpaid financing costs, as starting point for calculation of actual damages); *Thibodeaux v. Gen. Motors LLC*, 2025 WL 2970561, at *4 (C.D. Cal. Oct. 22, 2025) (only recognizing negative equity, manufacturer noncash credits, service contracts and GAP financing as offsets); *Leon v. Gen. Motors LLC*, 2025 WL 2971079, at *3 (C.D. Cal. Oct. 21, 2025) (same); *Azzinarni v. Volkswagen Grp. of Am., Inc.*, 2025 WL 2835456, at *2 (C.D. Cal. Oct. 2, 2025) (same); *Larios v. Nissan N. Am., Inc.*, 2025 WL 2402250, at *5 (C.D. Cal. Aug. 16, 2025) (same), *with Diaz v. Gen. Motors LLC*, 2025 WL 3034060, at *5 n.5 (C.D. Cal. Oct. 30, 2025) (stating unpaid financing costs must be deducted from actual damages); *Pare v. Gen. Motors LLC*, 2025 WL 3034314, at *3 (C.D. Cal. Oct. 29, 2025) (interpreting the California Code of Civil Procedure § 871.27(f) as entitling defendants to offset from the purchase price unpaid financing); *Lopez v. Gen. Motors, LLC*, 2025 WL 2629545, at *3 (C.D. Cal. Sept. 11, 2025) (noting that defendant could not calculate the unpaid financing offset without the loan payment history).

Decl., Ex. A.  Calculating actual damages based on the cash price, and thus arriving at estimated actual damages of $106,020.75, seems more straightforward for purposes of this motion.  But either way, estimated actual damages would exceed $75,000.

In addition, defendant argues that civil penalties and attorney's fees must also be included in the amount in controversy calculation.  Notice at 5-6; Opp. at 7-12.  The Song-Beverly Act provides for a civil penalty up to twice the amount of actual damages.  Cal. Civ. Code § 1794(c), (e).  Plaintiff asserts that the mere possibility of a civil penalty award is insufficient to meet defendant's evidentiary burden and defendant must present evidence of willfulness.  Mtn. at 9-12.  But "[t]he Ninth Circuit routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases."  *Wang v. FCA US LLC*, 2025 WL 1218745, at *2 (C.D. Cal. Apr. 28, 2025).  "The amount in controversy is not a prospective assessment of a defendant's liability."  *Chavez*, 888 F.3d at 417 (cleaned up and citation omitted).  Rather, the court considers the "damages that are claimed at the time the case is removed by the defendant."  *Id.*  Here, plaintiff seeks a civil penalty in the amount of two times its actual damages.  *See Benitez v. Ford Motor Co.*, 2025 WL 2799810, at *3 (C.D. Cal. Sept. 30, 2025) (because plaintiffs explicitly seek civil penalties of two times actual damages, it is proper to include civil penalties in the amount in controversy).  Thus, the actual damages and civil penalties together far exceed the diversity jurisdiction minimum.  But as noted, even without the inclusion of civil penalties, the estimated actual damages alone exceed the diversity jurisdiction minimum.

For these reasons, defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold for removal.

**B.    Federal Question**

The motion for remand may also be denied on the ground the court has federal question jurisdiction.  Defendant did not cite federal question jurisdiction as a basis for removal, but the court notes plaintiff alleges a violation of the Magnuson-Moss Warranty Act.  *See* Compl. at 5-6.  Although the Magnuson-Moss Warranty Act is a federal statute,

"[a]ctions removed based on the Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in controversy requirement is met." *Duarte Mejia v. Gen. Motors LLC,* 2025 WL 2983127, at *2 (C.D. Cal. Oct 22, 2025) (citing *Khachatryan v. BMW of N. Am., LLC*, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021). Federal courts do not have subject matter jurisdiction over a Magnuson-Moss Warranty Act claims if the amount in controversy is less than $50,00, exclusive of interest and costs. 15 U.S.C. § 2310(d)(3)(B).

Here, the Complaint is indeterminate as to the amount in controversy. In such cases, courts analyze the amount in controversy using the same principles as diversity jurisdiction. *See id.* (citing *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005). As discussed above, the actual damages exceed $50,000. Therefore, removal also would have been proper pursuant to federal question jurisdiction.

## IV.

## **CONCLUSION**

IT IS THEREFORE ORDERED that plaintiffs' motion to remand (docket no. 12) is denied.

DATED: February 11, 2026

_____
SHERI PYM
United States Magistrate Judge

7